UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David Booker, | Case No.: 2:23-cv-01566-GMN-DJA |
| Petitioner, | **Order** |
| v. | |
| Brian Williams, et al., | |
| Respondents. | |

*Pro se* Petitioner David Booker filed this 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his state conviction. ECF No. 1-1.  Also before the Court is Booker's Motion for Recusal of Judge (ECF No. 3) and Motion Requesting Investigation (ECF No. 5).  On initial review under the Habeas Rules,[1] the Court finds that Booker's claims are unexhausted in state court.  The Court dismisses the petition without prejudice and denies his motions as moot.

**I.   Background[2]**

Booker pled guilty to one count of attempt battery with substantial bodily harm. *See State of Nevada v. Booker*, Case No. C-22-369275-1.  The state court entered the judgment of conviction in January 2023.  Booker's direct appeal remains pending before the appellate court. Booker filed a state post-conviction habeas petition in May 2023 that the state court denied in July 2023. *See Booker v. State of Nevada*, Case No. A-23-871112-W.  It does not appear that

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The procedural history in this section is derived from Booker's allegations as well as his criminal matters in the Eighth Judicial District Court for Clark County.  The Court takes judicial notice of the online docket records of the state district court and Nevada appellate courts, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Booker has appealed the denial of his state habeas petition. Booker, however, filed another state habeas petition in October 2023 that remains pending before the state district court. *See Booker v. High Desert State Prison*, Case No. A-23-878801-W.

## II. Discussion

### a. Booker failed to file an IFP application and failed to pay the filing fee.

As an initial matter, the Court notes that Booker has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP").

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

### b. Booker's petition is dismissed without prejudice as unexhausted.

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases); *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018).

A claim remains unexhausted until the petitioner has raised the claim through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). To properly exhaust state remedies, a petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 278 (1971). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). The claim "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). *See also Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

Booker has not properly and fully exhausted his state court remedies because he has not presented the claims alleged in his federal habeas petition through one complete round of either direct appeal or collateral proceedings to the Nevada appellate court. Booker may file a new federal habeas petition—in a new case case—upon exhaustion of his state court remedies. Dismissal of this action as unexhausted without prejudice will not materially impact the analysis

of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.[3] The Court dismisses Booker's petition without prejudice as unexhausted.

### c. Booker's motions are denied.

Booker has filed a motion for recusal of Magistrate Judge Albregts. ECF No. 3. The motion is without merit, and the Court denies it. The basis of the motion is that when Booker filed an IFP application and "said the $402 filing fee was like a slave having to pay for their freedom" Magistrate Judge Albregts allegedly referred to the filing fee as a "slave's fee." However, Booker did not provide a reference for his allegation, nor is the alleged communication readily discernible from the docket filings in this case. Booker also did not refer to a different case number nor provide a meritorious reason for recusal. In addition, Booker had filed a motion requesting investigation (ECF No. 5), which the Court denies as moot.

## III. Conclusion

IT IS THEREFORE ORDERED that Booker's Petition for Writ of Habeas Corpus (ECF Nos. 1-1, 4) is **DISMISSED without prejudice**.

It is further ordered that Booker's Motion for Recusal (ECF No. 3) and Motion Requesting Investigation (ECF No. 5) are **DENIED.**

It is further ordered that a certificate of appealability is denied as reasonable jurists would not find the Court's conclusion to be debatable or wrong.

It is further ordered that the Clerk of the Court is directed to direct informal electronic service upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding

---

[3] Booker has filed three § 2254 petitions for writ of habeas corpus in this court that were dismissed for similar reasons. *See Booker v. Lombardo,* Case No. 2:22-cv-2033-JAD-DJA; *Booker v. Clark County Detention Center*, Case No. 2:22-cv-2077-CDS-BNW; *Booker v. State of Nevada*, Case No. 2:23-cv-00526-JAD-NJK.

Nevada Attorney General Aaron D. Ford as counsel for respondents and to provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.  No response is required from respondents other than to respond to any orders of a reviewing court.

It is further ordered that the Clerk of the Court is directed to enter final judgment dismissing this action and close this case.

DATED: October 25, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE